UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kareem Ward,<br><br>                Plaintiff,<br><br>    v.<br><br>Joe Biden, Grand Lodge of Free and Accepted Mason, Saucon Lodge, NSA Paul M. Nakasone, CIA William J. Burns,<br><br>                Defendants. | MEMORANDUM AND ORDER<br><br>No. 23-cv-8792 (NRM) (LB) |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Kareem Ward filed this *pro se* complaint on November 28, 2023. Compl., ECF No. 1. The Court grants Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, pursuant to 28 U.S.C. § 1915(a). For the reasons that follow, the action is dismissed.

## BACKGROUND

Plaintiff's complaint appears to allege that while residing in Coopersburg, Pennsylvania, Plaintiff declined an invitation to join the Saucon Lodge Freemason Organization and, as a result, experienced retaliatory harassment that led to the loss of his housing. Compl. at 11–12.[1] He further appears to allege that the harassment continued when he relocated to New York, and that his complaints regarding this

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

1

alleged harassment have been ignored by various courts and agencies. *Id.* at 13–14. Additionally, Plaintiff claims that the White House "ignored allegations made from the plaintiff of a[n] on[]going identity theft as well ignored online complaints . . . regarding Free Mason State Organization." *Id.* at 10. Plaintiff does not provide the relief he seeks. *Id.* at 16.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Saucon Lodge and the Grand Lodge of Free and Accepted Masons

Plaintiff sues Saucon Lodge and the Grand Lodge of Free and Accepted Masons ("Grand Lodge") for what he asserts as the violation of his civil rights. Plaintiff's complaint references 42 U.S.C. §1983, Compl. at 8, and 18 U.S.C. § 249, Compl. at 10. Liberally construing Plaintiff's complaint to arise under those statutes, his claims fail.

To start, to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). Plaintiffs bringing suit under § 1983 are therefore required to demonstrate that defendants acted under color of state law when they engaged in the challenged conduct. *See Fabrikant v. French*, 691 F.3d 193, 206–07 (2d Cir. 2012). Plaintiff has failed to

plausibly allege that either Saucon Lodge or the Grand Lodge, private fraternal organizations, acted under color of state law for purposes of § 1983.

Additionally, "although federal law does prohibit the commission of hate crimes under 18 U.S.C. § 249(a), this law is a criminal statute that cannot be enforced by a private party in a civil action such as this." *Thomas v. Thurston*, No. 18-cv-4007, 2020 WL 1082752, at *2 (S.D.N.Y. Mar. 6, 2020) (internal quotation marks and citation omitted).

Therefore, even affording the complaint the most liberal reading, the claims against Saucon Lodge and the Grand Lodge must be dismissed because the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### B. Federal Defendants

In addition, Plaintiff sues President Joe Biden, National Security Agency Director Paul M. Nakasone, and Central Intelligence Agency Director William J. Burns. Compl. at 8. The complaint cannot proceed against these Defendants because these Defendants are clearly entitled to immunity and, therefore, Plaintiff's claims are frivolous.

---

[2] The Court also notes that venue is likely not proper in this Court because Saucon Lodge is located in Coopersburg, Pennsylvania and the Grand Lodge is located in New York County; it is not clear whether any events occurred within this district. *See* 28 U.S.C. §1391(b) ("a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Moreover, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Here, it appears that Plaintiff sues these Defendants because they failed to respond to his complaints. Even if the complaint is liberally construed as alleging claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff's claims must be dismissed. To start, Plaintiff's claims against President Biden are frivolous because "the President is absolutely immune from civil damages liability for his official acts in the absence of explicit affirmative action by Congress." *Nixon v. Fitzgerald*, 457 U.S. 731, 748 n.27 (1982). And Plaintiff's claims against Director Nakasone and Director Burns must be dismissed because "sovereign immunity shields the Federal Government and its agencies from suit," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and "any claim against [the agency director] in [their] official capacity is the equivalent of a claim against a United States agency," *Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215, 220 (S.D.N.Y. 2000). Therefore, the complaint is dismissed as to President Biden, Director Nakasone and Director Burns pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Despite Plaintiff's *pro se* status, the Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

In light of Plaintiff's litigation history,[3] Plaintiff is cautioned that he may be subject to a filing injunction barring him from filing new actions seeking *in forma pauperis* status without prior leave of this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

*/s/ NRM*
_____
NINA R. MORRISON
United States District Judge

Dated:     March 26, 2024
           Brooklyn, New York

---

[3] *See Ward v. Park, et al.*, No. 23-cv-7096 (filed Sept. 19, 2023); *Ward v. Adams, et al.*, No. 23-cv-5237 (filed July 5, 2023) (dismissed for failure to state a claim); *Ward v. Bureau of Vital Records, et al.*, No. 23-cv-5236 (filed July 5, 2023) (transferred to the Southern District of New York); *Ward v. Admin. for Child.'s Sers.*, No. 23-cv-5235 (filed July 5, 2023); *Ward v. Project Hosp. Shelter*, No. 23-cv-4037 (filed June 6, 2023) (complaint dismissed with leave to amend); *Ward v. Soc. Sec. Admin.*, No. 23-cv-4034 (filed June 2, 2023) (complaint dismissed).